### LOU. & NASHVILLE R. R. CO. *v.* ALBERT LICKING.

**Appeal—Reversal—Instruction.** .

It is reversible error to instruct the jury that they have a right to award punitive damages in the event defendant was guilty of gross negligence, where there are no facts warranting an instruction as to punitive damages.

APPEAL FROM WASHINGTON CIRCUIT COURT.

January 11, 1873.

OPINION BY JUDGE PRYOR:

In a former opinion rendered by this court touching the facts in controversy, it was adjudged that, "as there was no intentional injury, nor such gross neglect as to manifest recklessness or bad faith, even if a recovery could be had, it must be limited strictly to compensation."

The facts, as they now appear upon the question of negligence, are identical with those proven on the first trial. It is true that a jury, upon a proper state of case presented, such as a permanent injury to the appellee's arm, would have the right to consider this permanent injury in making compensation by way of damages, and this court would not disturb such a verdict unless it evidenced a departure from a mere compensation, and a desire to punish the party for the alleged negligence. The jury, however, are told by Instruction No. 2 that they have the right to award punitive damages in the event the appellant was guilty of gross negligence, basing the instructions upon a state of facts not appearing in the record, for there is no evidence showing that the injury was intentional or that the appellants were guilty of such negligence as amounted to recklessness or bad faith. *Louisville & Portland R. Co. v. Smith,* 2 Duvall 559.

We are satisfied that the question of punishment was considered by the jury in making up their verdict.

We perceive no error to the prejudice of either the appellants or appellee in the other instructions given or refused. The judgment of the court below is reversed, with directions to award the appellants a new trial and for further proceedings consistent with this opinion.

*Noble & Brown, Ramsey, for appellant.*

*Hays & Thurman, Lee & Rodman, for appellee.*